

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Nelson Greeman, Secretary
Texas State Board of Examiners in Optometry
Majestic Building
San Antonio, Texas

Dear Sir:

Opinion No. 0-6609
Re: Effective date of House
Bill No. 187, Acts 1945,
49th Legislature, and
authority of Texas State
Board of Examiners in
Optometry to accept ap-
prentices under Article
4557, V.A.C.S., as amend-
ed thereby.

Your letter dated August 31, 1945, requesting an
opinion of this department, presents the following three
questions:

"1. What will be the effective date of
House Bill No. 187 passed by the last Legisla-
ture?

"2. Please advise us as to the final date
under House Bill 187 under which a person could
register as an apprentice to qualify to practice
optometry in the State of Texas.

"3. Article 4557 also provides: 'Any per-
son who in good faith began the study of optom-
etry and so filed his intention with the Texas
State Board of Examiners in Optometry under the
provisions of Title 71, Chapter 10, Revised Civil
Statutes of Texas, as amended, prior to the ef-
fective date of this Act, and who has been en-
gaged in Federal service or in active duty with
the Army of the United States, the United States
Navy, the United States Marine Corps, the United
States Coast Guard, the United States Maritime
Service, or the State Militia called into serv-
ice, training or education under the supervision

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of the United States preliminary to induction
into the Military Service, may register with the
State Board of Examiners in Optometry within six
months after termination of his said service,
training or education, other than by dishonor-
able discharge, provided he furnishes the State
Board of Examiners in Optometry with affidavits
to the effect that he has been so engaged, and
that his service, training or education has been
so terminated, and completes his unfinished work
as shown by the records of the Board.'

"Are the provisions set forth above man-
datory on this Board, and should a person apply
at a later date than six months after his serv-
ice has been terminated, is the Board authorized
to accept him as an apprentice?"

An examination of the entire bill discloses same
to have been passed by a two-thirds majority of both Houses
of the Legislature as an emergency measure, signed by the
Governor on June 2, 1945, and filed in the Office of the
Secretary of State on the same date at 11:30 A.M.

Where a statute is passed with the emergency clause
by the required vote, when approved by the Governor, it be-
comes effective immediately. Mann v. Gulf States Utilities
Company, (Civ. App.) 167 S.W. (2d) 557, writ refused.

The first section of House Bill 187 amends Article
4557, Chapter 10, Title 71, of the 1925 Revised Civil Stat-
utes. Since the new bill makes reference to the former law,
we here quote the said Article 4557 as it existed immediate-
ly prior to the 1945 amendment, underlining the portions
especially pertinent to your inquiry:

"Every person desiring to practice optom-
etry in the State of Texas shall be required to
pass the examination given by the Texas State
Board of Examiners in Optometry. The applicant
shall make application by presenting to the Sec-
retary of the Board, on forms furnished by the
Board, satisfactory sworn evidence that he has
attained the age of twenty-one (21) years, is of
good moral character, is a citizen of the United
States, and has at least graduated from a first
grade high school or has a preliminary education

equivalent thereto permitting matriculation in
The University of Texas, and that he has attend-
ed and graduated from a reputable university or
college of optometry and which meets with the
requirements of the Board, or has studied optom-
etry not less than four consecutive calendar
years in the office of an optometrist, licensed
under this Act, and has the preliminary high
school education provided for in this section,
before beginning his studies, and provided that
any person desiring to qualify in this manner
shall file with the Board on blanks prescribed
and furnished by the Board satisfactory proof,
upon the beginning of his studies, as aforesaid,
within thirty (30) days thereof, and full and
complete satisfactory proof upon the completion
of his studies within thirty (30) days thereof.

"A university or school of optometry is
reputable whose entrance requirements and course
of instruction are as high as those adopted by
the better class of universities and schools of
optometry and whose course of instruction shall
be the equivalent of not less than four (4)
terms of eight (8) months each and approved by
the Board." (Underscoring ours)

It thus appears that under the old law, a person,
to be eligible to take the optometry examination, had to be
either a graduate of a reputable university or college of
optometry, or as an alternative to such college education,
he must have served a four year apprenticeship in the of-
fice of an optometrist.

The 1945 amendment eliminated the apprenticeship
alternative, but made provision for those who, in reliance
upon and in accordance with the old law, had previously be-
gun their apprenticeship and gave a 30 day grace period for
those who still desired to take advantage of the old law.
Provision was also made, as will be hereinafter noticed,
to extend the privilege of the four year apprenticeship
alternative to certain designated groups which the Legisla-
ture doubtless felt had been forced by their war service to
delay the beginning or completion of their apprenticeships.

We here set out Section 1 of House Bill 187, Acts
of the 49th Legislature; and although Article 4557, as amended,

Honorable Nelson Greeman, page 4

is contained in said bill in the form of one complete paragraph, we have for convenience set out the provisos contained therein in separate paragraphs and have numbered them 1, 2, 3 and 4. The new law aforesaid provides:

"Section 1. That Article 4557, Chapter 10, Title 71 of the Revised Civil Statutes of Texas, 1925, as amended, be amended so as to read hereafter as follows:

"'Article 4557

"'Every person desiring to practice optometry in the State of Texas shall be required to pass the examination given by the Texas State Board of Examiners in Optometry. The applicant shall make application, furnishing to the Secretary of the Board, on forms to be furnished by the Board, satisfactory sworn evidence that he has attained the age of twenty-one (21) years, is of good moral character, is a citizen of the United States, and has at least graduated from a first grade high school, or has a preliminary education equivalent to permit him to matriculate in the University of Texas, and that he has attended and graduated from a reputable University or College of Optometry which meets with the requirements of the Board, and such other information as the Board may deem necessary for the enforcement of this Act. A University or School of Optometry is reputable whose entrance requirements and course of instruction are as high as those adopted by the better class of Universities and Schools of Optometry and whose course of instruction shall be equivalent to not less than four terms of eight months each, and approved by the Board.

1. "Provided that no provision of this Section shall apply to any qualified person who in good faith began the study of optometry and so filed intention with the Texas State Board of Examiners in Optometry under the provisions of Title 71, Chapter 10 of the Revised Civil Statutes of Texas, 1925, as amended, prior to the effective date of this Act.

2. "Any person failing to register with the Secretary of the Board within thirty (30) days after the effective date of this Act under proper rules of the Board and other related facts as the Board may require shall be deemed to have waived all rights under the provisions of Title 71, Chapter 10, Article 4557, Revised Civil Statutes of Texas, 1925, as amended.

3. "Provided that any person who in good faith began the study of optometry and so filed his intention with the Texas State Board of Examiners in Optometry under the provisions of Title 71, Chapter 10, Revised Civil Statutes of Texas, as amended, prior to the effective date of this Act, and who has been engaged in Federal service or in active duty with the Army of the United States, the United States Navy, the United States Marine Corps, the United States Coast Guard, the United States Maritime Service, or the State Militia called into service or training or education under the supervision of the United States preliminary to induction into the military service, may register with the State Board of Examiners in Optometry within six (6) months after termination of his said service, training or education, other than by dishonorable discharge, provided he furnishes the State Board of Examiners in Optometry with affidavit to the effect that he has been so engaged, and that his service, training or education has been so terminated, and complete his unfinished work as shown by the records of the Board.

4. "Provided that any person who desires to study Optometry, and who has been engaged in Federal service or in active duty with the Army of the United States, the United States Navy, the United States Marine Corps, the United States Coast Guard, the United States Maritime Service, or the State Militia called into service or training or education under the supervision of the United States preliminary to induction into the Military service shall register with the State Board of Examiners in Optometry within six (6) months after termination of his said service,

Honorable Nelson Greeman, page 6

training or education, other than by dishonorable discharge, provided he furnishes the State Board of Examiners in Optometry with affidavit to the effect that he has been so engaged, and that his service, training or education has been so terminated."

It will be noted that the statute makes a distinction between the public generally and persons coming within certain listed categories, which latter group we will for convenience designate as the War Service Group.

The first two provisions in the bill deal with the public generally. We construe the first proviso to authorize a person who has begun his apprenticeship "and so filed intention with" the Board, all prior to the effective date of the new law, June 2, 1945, to receive the benefit of the apprenticeship provisions of the old law.

With reference to the second proviso, you are advised that July 2, 1945, was the last day for registration by those persons to whom the second proviso quoted above applies.

The third and fourth provisos of the new law provide for special consideration in behalf of the War Service Group. In order to receive the benefit of the apprenticeship provisions of the old law, a person in this group is required to register with the Board within six months after termination of his Federal service, training or education. We construe the six months provision as mandatory, and hold that the Board is not authorized to accept a member of the War Service Group as an apprentice when such person seeks to register after said six months period has expired. We find no provision in the 1945 amendment from which it may be inferred that the Legislature intended otherwise than that termination of the six months period creates an absolute deadline.

We accordingly answer your three questions as follows:

Honorable Nelson Greeman, page 7


1. House Bill 187, 49th Legislature, became effective June 2, 1945.

2. For persons not in the War Service Group, the final date for registration was July 2, 1945. For persons in the War Service Group, the final date for registration for apprenticeship, as set out in the third and fourth provisos, is six months after termination of their Federal service, training or education.

3. The six months limitation period for persons in the War Service Group is mandatory and the Board is not authorized to accept as apprentices persons applying at a later date.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By        J. Arthur Sandlin
          J. Arthur Sandlin
               Assistant

JAS:db

APPROVED OCT 13, 1945

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN